UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANGELYN ZENKER, | ) |
| | ) |
| Plaintiff, | ) Case No. |
| | ) |
| v. | ) Judge |
| | ) |
| ELGIN CARDIAC SURGERY SC d/b/a | ) |
| VEIN AND LASER CENTER OF ELGIN | ) |
| CARDIAC SURGERY | ) Magistrate Judge |
| | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff, Angelyn Zenker, ("ZENKER"), by her attorneys, Gaffney & Gaffney P.C., for her Complaint against Defendant, Elgin Cardiac Surgery SC ("ECS") states:

### Jurisdiction and Venue

1. This action is brought pursuant to the Fair Labor Standards Act, ("FLSA"), (29 U.S.C. § 201, *et. seq.*) to recover unpaid wages. This Court has arising under jurisdiction over ZENKER's FLSA claim pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216 (b).

2. The Court also has supplemental jurisdiction over ZENKER's state law claims for violation of the Illinois Minimum Wage Law, ("IMWL"), (820 ILCS 105/1, *et. seq.*), Breach of Contract Claim, the Illinois Wage Payment and Collection Act, ("IWPCA"), (820 ILCS 115/1 *et. seq.*) pursuant to 28 U.S.C. § 1367, which are so related to the federal claims in this action that they form part of the same case or controversy under Article III of the Constitution of the United States of America.

3. Venue for this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 USCS § 1391, as this claim arose in this Judicial District in Elgin, Kane County Illinois.

**Parties**

4. Plaintiff, Angelyn Zenker (ZENKER) is a resident of Streamwood, Illinois and a former employee of Elgin Cardiac Surgery SC (ECS).

5. Defendant, ECS is an Illinois Corporation operated by the President, Doctor Cynthia Steimle and her husband, Jon Steimle, Office Manager. ECS does business under an assumed name of Vein and Laser Center of Elgin Cardiac Surgery.

**Common Allegations**

6. ZENKER was hired by ECS on or about October 25, 2005 and worked for ECS continuously until involuntarily terminated on or about June 25, 2018.

7. At all-times relevant, ZENKER performed the role of Surgical Assistant.

8. Although ZENKER received some training at the College of DuPage to become a Surgical Assistant, she has not completed three academic years of pre-professional study in an accredited college or university or a fourth year of professional coursework in a school of medical technology.

9. At all times relevant, ZENKER did not perform any managerial duties or responsibilities as defined by the FLSA.

10. During the year 2015, ZENKER worked for ECS pursuant to the provisions of an employment agreement dated on or about December 19, 2005. A copy of that employment agreement is attached as Exhibit A. ECS has a fully executed copy of the agreement attached as Exhibit A.

11. On or about August 15, 2016, ECS provided ZENKER with notice of its intent to terminate the Employment Agreement attached as Exhibit A. A copy of the ECS sixty (60) day Notice of Termination dated August 15, 2016 is attached as Exhibit B.

12. In the year 2015, ZENKER was paid on a salary-plus-bonus basis at the rate of $3,016.88 biweekly plus bonuses totaling $10,000. Her total wages earned during the calendar year 2015 were $89,106.40.

13. In the year 2016, ZENKER was paid a biweekly salary in the amount of $3,077.23 plus bonus rate through July 23, 2016.

14. Beginning on or about July 23, 2016, ECS made ZENKER an hourly wage worker and she was then paid pursuant to their agreement at the rate of $38.47 per hour for the first forty (40) hours per week. ZENKER was paid for some but not all of her overtime hours worked thereafter at the agreed overtime rate of $57.70 per hour.

15. During the years 2015 through the date of her involuntary termination on or about June 25, 2018, ZENKER regularly worked well in excess of forty (40) hours per week.

## Count I – FLSA Action

ZENKER, by her attorneys Gaffney & Gaffney, P.C., for her Count I Complaint brought pursuant to the Fair Labor Standards Act (FLSA) against ECS, states:

1-15. ZENKER incorporates herein paragraphs 1 through 15 of the above Allegations as paragraphs 1 through 15 of this Count I as if fully set forth herein, verbatim.

16. At all times relevant, ECS had fifteen (15) or more employees, and its annual volume of sales or business exceeded $500,000.

17. At all times relevant, ZENKER was an "employee" of ECS as defined by the FLSA. 29 U.S.C. § 203(e).

18. At all times relevant, ECS was an "employer" as that term is defined by the FLSA. 29 U.S.C. § 203(d).

19. ZENKER worked in excess of forty (40) hours per week on a regular basis and ECS directed or knowingly permitted ZENKER to work in excess of forty (40) hours per week.

20. ZENKER was a salaried employee until on or about July 23, 2016.

21. ZENKER was entitled to be paid overtime wages at the rate of one and one-half times her regular rate of pay for all of her hours worked in excess of forty (40) hours per week.

22. ECS violated the FLSA by failing to pay ZENKER an overtime rate of not less than one and one-half times her regular rate for all of her hours worked both before and after July 23, 2016.

23. Defendant's failure to pay overtime wages for ZENKER's hours worked in excess of 40 hours per week was a willful violation of the FLSA.

24. In addition to wages due and owing, ZENKER is also entitled to an award of liquidated damages in an amount equal to the amount of unpaid wages due.

25. The parties entered into a Tolling Agreement on any statute of limitations defense effective July 13, 2018 for thirty (30) days.

26. ZENKER requests trial by Jury on Count I.

WHEREFORE, Angelyn Zenker respectfully requests that this Honorable Court declare Defendant, Elgin Cardiac Surgery SC d/b/a Vein and Laser Center of Elgin Cardiac Surgery to be in violation of the FLSA and to:

> a. Enter a judgement in the amount of unpaid wages and overtime wages for all time worked by ZENKER in excess of forty (40) hours in individual work weeks and wages due for unpaid hours;

   b.  Award liquidated damages to ZENKER in an amount equal to the amount of unpaid wages;

   c.  Award reasonable attorneys' fees and costs; and

   d.  Grant such additional or alternative relief as this Honorable Court deems just and proper under the instant circumstances.

**Count II – Illinois Minimum Wage Law, ("IMWL"), Action**

ZENKER, by her attorneys, Gaffney & Gaffney P.C., for her Count II Complaint brought pursuant to the IMWL against ECS, states:

1-25.  ZENKER incorporates herein all of the Allegations through Count I, paragraphs 1 through 25 as paragraphs 1 through 25 of this Count II as if fully set forth herein, verbatim.

27.  At all times relevant, ZENKER was an "employee" of ECS as defined by the IMWL. 820 ILCS 105/3(d).

28.  At all times relevant, ECS was an "employer" as that term is defined by the IMWL. 820 ILCS 105/3(c).

29.  This Count arises from Defendant's failure to pay ZENKER overtime wages for all time worked in excess of forty (40) hours in individual work weeks in violation of the IMWL.

30.  Defendants violated the IMWL by failing to pay ZENKER overtime wages at a rate at one and one-half times her regular rate of pay for hours worked in excess of 40 hours per week.

31.  ZENKER does not have a claim pending with the Illinois Department of Labor against ECS.

32. Pursuant to 820 ILCS 105/12(a), ZENKER is entitled to recover from Defendant unpaid wages for three years prior to the filing of this suit plus penalties, attorney fees and costs of this action.

WHEREFORE, Angelyn Zenker respectfully requests that this Honorable Court declare that Defendant, Elgin Cardiac Surgery SC d/b/a Vein and Laser Center of Elgin Cardiac Surgery, has violated the IMWL and is responsible for the following:

    e. A judgement in the amount of all wages due to Plaintiff for all hours worked and calculated properly with time and one-half due for all hours worked in excess of 40 per week as provided by the IMWL;

    f. Award statutory damages for Plaintiff pursuant to the formula set forth in 820 ILCS 105/12(a) and 815 ILCS 205/2;

    g. Award reasonable attorneys' fees and costs of this action as provided by the IMWL; and

    h. Grant such other and further relief as this Honorable Court deems just and proper under the instant circumstances.

## Count III – Breach of Contract

ZENKER, by her attorneys, Gaffney & Gaffney P.C., for her Count III Claim for Breach of Contract against ECS, states:

1-15. ZENKER incorporates herein paragraphs 1 through 15 of the preliminary Allegations of this Complaint as paragraphs 1 through 15 of this Count III Claim for Breach of Contract as if fully set forth herein, verbatim.

16. Beginning on or about July 23, 2016, ZENKER and ECS entered into an agreement and understanding as to ZENKER's compensation and benefits to be paid by ECS. A copy thereof is attached as Exhibit C.

17. Pursuant to the terms of the party's agreement and understanding, ZENKER was to be paid overtime wages for all hours worked in excess of forty (40) hours per week at the rate of $57.70 per hour for hours worked in excess of forty (40) hours per week.

18. As an additional provision of the parties agreement an understanding as documented on Exhibit C, ZENKER had available for use twenty (20) days of vacation pay as of July 23, 2016 plus an additional twenty-one (21) days of vacation earned between July 23, 2016 and July 22, 2017 plus another twenty (20) days of vacations earned between July 23, 2017 and June 25, 2018 (prorated twenty-two (22) days at approximately eleven (11) months).

19. ZENKER performed all conditions precedent that ZENKER was required to perform in order to receive payment for all of her hours worked in excess of forty (40) hours per week at the agreed rate of $57.70 per hour and to receive all of her accrued vacation pay earned through her termination date of June 25, 2018.

20. ECS breached the terms of the parties agreement in the following regards:
    a. ECS failed and refused to pay ZENKER for all of her hours worked by only paying her "scheduled hours" but not her actual hours worked;
    b. ECS failed and refused to pay ZENKER all of her accrued vacation pay earned pursuant to the terms of the aforesaid agreement.

21. As a direct and proximate result thereof, ZENKER has sustained damages.

22. Zenker requests trial by Jury on Count III.

WHEREFORE, ZENKER seeks judgement against ECS for all sums due for wages and unpaid vacation pay plus costs of suit.

### Count IV – Illinois Wage Payment and Collection Act (IWPCA)
### Claim Against all Defendants

ZENKER, by her attorneys, Gaffney & Gaffney, P.C., for her Count IV Claim brought against ECS for violation of the IWPCA, states:

1-22. ZENKER incorporates herein paragraphs 1 through 22 of Count III as paragraphs 1 through 22 of this Count IV as if fully set forth herein, verbatim.

23. At all times relevant, ZENKER was an "employee" of ECS as defined by the IWPCA. 820 ILCS 115/2.

24. At all times relevant, ECS was an "employer" as that term is defined by IWPCA. 820 ILCS 115/2.

25. ECS breached the terms of the party's agreement by failing to pay ZENKER for all of her hours worked in violation of the IWPCA.

26. ZENKER worked a substantial number of hours that ECS failed and refused to pay which violates the IWPCA.

27. ECS has failed to pay ZENKER all of her accrued vacation pay after she was terminated which is a violation of the IWPCA.

28. ZENKER does not have a claim against ECS pending with the Illinois Department of Labor.

29. Defendant's violation of the IWPCA was willful and intentional. At all times, Defendant had the ability to pay ZENKER her wages and have failed and refused to do so.

WHEREFORE, ZENKER requests the following relief against all Defendant, ECS, pursuant to the IWPCA:

a. A judgement in the amount of unpaid wages due Plaintiff as provided by the IWPCA:

b. Statutory damages in the amount of 2% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid as set forth in 820 ILCS 115/14(a);

c. Reasonable attorneys' fees and costs of this action as provided by the IWPCA; and

d. Other and further relief as this Honorable Court deems just and proper under the instant circumstances.

                Respectfully submitted,

                *Glenn R. Gaffney*
                Glenn R. Gaffney
                Attorney for Angelyn Zenker

Glenn R. Gaffney (#618059)

1771 Bloomingdale Road

Glendale Heights, Il. 60139

630 462 1200 x 4

glenn@gaffneylawpc.com